■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CELIA DIAZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CANDICE ROMAN, Appellant.—Judgments, Supreme Court, New York County (Howard Bell, J.), rendered June 3, 1988, convicting defendants, after jury trial, of criminal sale of a controlled substance in the third degree and sentencing defendant Diaz as a second felony offender to an indeterminate prison term of from 4½ to 9 years, and defendant Roman as a second felony offender to an indeterminate prison term of from 5 to 10 years, are unanimously affirmed.

During a narcotics buy-and-bust operation, Detective White approached defendant Roman and asked for two vials of crack. He handed her prerecorded money and she brought him to defendant Diaz, nearby. Diaz handed Detective White two vials of crack. Diaz later gave the money to an unidentified man. Detective White immediately returned to his car and radioed the details of the transaction to his backup team. Both defendants were apprehended and Detective White immediately confirmed that defendants were the individuals who had participated in the narcotics transaction minutes earlier.

The evidence reveals that the jury was entirely justified in relying upon the identification testimony of Detective White, disallowing insignificant inconsistencies and rejecting defendant Roman's testimony as unworthy of belief *(see, People v Siu Wah Tse,* 91 AD2d 350 [1st Dept 1983]). Defendants' guilt was proven beyond a reasonable doubt.

Defendant Roman asserts that she was denied a fair trial since the arresting officer "bolstered" the testimony of Detec-

tive White regarding the postarrest identification. She also asserts that the prosecutor's summation was improper, entitling her to a new trial. Both of these issues are unpreserved as a matter of law for appellate review and we thus decline to reach them (CPL 470.05 [2]). However, were we to consider the claims in the interest of justice, we would nonetheless affirm, finding them to be of no merit.

Defendant Diaz contends that she was denied effective assistance of counsel. The record, however, demonstrates that overall, defendant was zealously and effectively represented by her trial counsel throughout the proceedings (see, People v Baldi, 54 NY2d 137, 147 [1981]).

We have reviewed all of defendants' other claims and find them to be unpersuasive. Concur—Murphy, P. J., Sullivan, Ross, Rosenberger and Ellerin, JJ.